IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Harold Smith, #83499-071,                )
                                          )    Civil Action No. 6:04-1188-HFF-WMC
                        Plaintiff,        )
                                          )    **REPORT OF MAGISTRATE JUDGE**
            vs.                           )
                                          )
Alberto Gonzales,                         )
                                          )
                        Defendant.        )
_____ )

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on the plaintiff's motions for temporary restraining order ("TRO"), preliminary injunction, and default judgment. The plaintiff states he seeks the TRO to protect him against the risk of irreparable injury and for violating his vested rights.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

### Motion for TRO and Preliminary Injunction

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

> (a)    The plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b)    whether the plaintiff will suffer irreparable injury if the injunction is not issued;
>
> (c)    the injury to the defendant if the injunction is issued; and

(d)     the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271.

The plaintiff here has offered no evidence that he is being subjected to treatment that would warrant the extreme remedy of injunctive relief.

**Motion for Default Judgment**

The plaintiff apparently seeks a default judgment because he was not timely granted a new trial. There is no basis in the record for this motion.

### CONCLUSION AND RECOMMENDATION

After reviewing the record, this court finds absolutely no basis for injunctive relief or default judgment, and recommends that the plaintiff's motions be denied.[1]

s/William M. Catoe
United States Magistrate Judge

November 2, 2005

Greenville, South Carolina

---

[1]Adoption of this recommendation will render moot the plaintiff's "motion for court excusement of Rule 65(c) requirement."

2