UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**Harold Smith**, # 83499-071,  ) C/A No. 6:04-1188-HFF-WMC
)
              Plaintiff, )
)
vs. )
) Report and Recommendation
)
United States of America, Property Owner, )
)
              Defendant. )
_____ )

This case is before the undersigned magistrate judge for a recommendation as to whether the Complaint should now be served on the Attorney General of the United States, Alberto Gonzales, as agent for receipt of service of process on behalf of the United States of America, as the owner of the property encompassing FCI-Edgefield.[1] The United States of America was only identified as a Defendant in this Bivens[2] case on April 18, 2005, over

---

[1] Attorney General Gonzales' predecessor in office, John Ashcroft, along with the United States Attorney for the District of South Carolina, was previously served in this case pursuant to Federal Rule of Civil Procedure 4(i) because of the federal employee status of the Defendants in this case. (Entry 5). However, in her first filing in this case in August 2004, the Assistant United States Attorney who has represented most of the federal employee Defendants specifically disclaimed representation of the Defendant then designated "John Doe, property owner." (Entry 11, at 1 n. 1). Plaintiff did not file any response or objection to that disclaimer of representation, nor did he otherwise take steps to voluntarily submit further information identifying his un-served Defendant "John Doe, property owner."

[2] The *pro se* Complaint in this case has been construed by the Court and parties as one seeking recovery against federal officials under 42 U.S.C. § 1983, or the "Bivens Doctrine." *See* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-20 & n. 30 (1982). Case law involving section 1983 claims is applicable in Bivens actions and *vice versa*. *See* Farmer v. Brennan, 511 U.S. 825 (1994); *see also* Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-23 & n. 5 (4th Cir. 1988); Tarantino v. Baker, 825 F.2d 772, 773-75 & n. 2 (4th Cir. 1987). Plaintiff does not claim that his Complaint was filed against any party pursuant to any other federal law.

1

one month after summary judgment had been entered in favor of all other Defendants in this action.  Following review,[3] it is recommended that no service be authorized on the United States of America through its representative Alberto Gonzales, and that this case be summarily dismissed as to this Defendant.  *See* 28 U.S.C. § 1915(e)(2)(B).

### **Factual Background**

At the time of submission of this case, Plaintiff provided the name "John Doe, Property Owner" for the final Defendant in his Complaint   Service of process was authorized and it was issued for all Defendants on June 8, 2004.  The summons was returned un-executed as to Defendant "John Doe, Property Owner" on July 19, 2004. (Entry 8).  Despite this lack of successful service, in nearly nine months of continuing active litigation against the served Defendants, Plaintiff never voluntarily took any further steps to identify or properly serve "John Doe, property owner." *See* supra note 1.  Also, despite the clear legal authority to do so under the Federal Rules of Civil Procedure Rule 4(m),[4] the Court did not *sua sponte* dismiss this un-served Defendant at the conclusion of the permitted 120-day period (October 6, 2004) or any point before the entry of Summary Judgment for the remaining Defendants on March 16, 2005.  Instead, on the same day that

---

[3]This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

[4]Rule 4(m) of the Federal Rules of Civil Procedure provides that unless a particular defendant is served within 120 days after the Complaint is filed, this Court may dismiss the action without prejudice as to that particular defendant.  Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendant is not served within 120 days. *See*, *e.g.*, Epstein v. White, 1991 WL 214152 (N.D. Ill., October 18, 1991); *cf*. Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297 (7th Cir. 1991).

2

he entered his Order (Entry 39) adopting the Report and Recommendation of the undersigned that recommended that summary judgment be granted for all of the served Defendants, District Court Judge Henry Floyd entered another Order in this case granting Plaintiff a final opportunity to identify the only remaining un-served Defendant. Judge Floyd's Order directed Plaintiff "to identify and properly serve Defendant John Doe. Failure to do so will result in the claims against Defendant John Doe being dismissed." (Entry 40).

Within two weeks of that Order, but before submitting any response thereto, Plaintiff filed a Notice of Appeal in this case, seeking review of the entry of summary judgment for the served Defendants. As a result, jurisdiction over this case became vested in the Fourth Circuit Court of Appeals, where it remained from the end of March 2005 until approximately September 28, 2005, when the Fourth Circuit dismissed Plaintiff's appeal and returned the record to this Court on September 29, 2005. (Entries 55 & 56). Although Plaintiff submitted his identifying response to Judge Floyd's Order on March 18, 2005 (Entry 46), the undersigned could not conduct the required pre-service review of the case as to the newly identified Defendant until jurisdiction was returned to this Court from the Fourth Circuit. Shortly after the receipt of the mandate from the Fourth Circuit, the case was returned to the undersigned for a recommendation on whether or not service should be authorized on the United States of America, as property owner.

## Discussion

A careful review of the contents of the Complaint discloses that the only mention of this Defendant anywhere within the body of the Complaint is the following from the "relief" section of the Complaint:

3

> [T]hat Defendant John Doe enforce the Walsky [sic][5]-Healy Act (WHA) and Fair Labor Standard Act (FLSA) which is being violated by Bureau of Prison Industry being operated on his property at 501 Gary Hill Rd., Edgefield, South Carolina 29824 as a declaratory award . . . .

Complaint, at 12 (Entry 1). None of the facts alleged by Plaintiff surrounding the injuries he allegedly incurred while employed at FCI-Edgefield mention any specific condition of the property that arguably contributed to any of the alleged injuries, nor are there any allegations showing any type of involvement by the United States of America itself in any of the factual situations or circumstances described by Plaintiff as having caused or contributed to his alleged injuries. In order to assert a viable § 1983/Bivens claim against any particular individual or entity, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the conduct of the entity or official sued. *See* Kentucky v. Graham, 473 U.S. 159 (1985); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir.1983). Under these authorities, in order for a plaintiff, such as Plaintiff is this case, to hold a public entity or official individually liable under § 1983/Bivens, the plaintiff must show that the entity or official personally caused or played a role in causing the deprivation of a federal right complained of. *See* Graham, 473 U.S. at 166.

Moreover, the United States of America, as a property owner, employer, or otherwise, cannot be held responsible for actions of the individual employees or officials of FCI-Edgefield. The doctrine of vicarious liability and the doctrine of "*respondeat superior*" are not applicable in § 1983/Bivens actions. *See* Vinnedge v. Gibbs, 550 F.2d 926, 927-29 & nn. 1-2 (4th Cir. 1977); *see also* Wilson v. Cooper, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996); Campo v. Keane, 913 F. Supp. 814, 825 & n. 11 (S.D. N.Y. 1996).

---

[5] The correct name for the subject act is the Walsh-Healy Act. *See* 41 U.S.C.A. §§ 35-45.

4

Although Plaintiff did assert facts and claims against the particular employees or officials of FCI-Edgefield whom he claimed had allegedly violated his rights, *see* Horton v. Marovich, 925 F. Supp. 540 (N.D. Ill. 1996)("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."), the Court has already determined on summary judgment that those employees and officials did not violate Plaintiff's constitutional rights.  Thus, even if the Complaint in this case could be liberally construed as making a *respondeat superior* argument against Defendant United States of America based on its role as owner of the property where the alleged injuries occurred, service would still not be required.  Because it has already been determined through summary judgment for all served Defendants that no constitutional violations occurred in connection with Plaintiff's alleged accident and injuries, there is no underlying compensable wrongdoing for which any party could be held vicariously liable even if the § 1983/Bivens rules were different.

Finally, assuming *arguendo* that Plaintiff's minimal allegations against the United States containing references to the WHA and FSLA could be liberally construed as an attempt to recover damages from and/or declaratory relief against the United States of America under the Federal Torts Claim Act (FTCA), 28 U.S.C. § 2671 through § 2680, service of process still should not be authorized in this case for several reasons  First, Plaintiff has never asserted that any of his claims against any Defendant, including "John Doe, property owner," were brought under the FTCA.  Second, there is no indication that Plaintiff has taken any of the steps required by the FTCA to exhaust his administrative remedies prior to bringing this case.  See Kokotis v. United States Postal Service, 233 F.

5

3d 275, 278 (4th Cir. 2000) (discussing FTCA exhaustion process). And, third, even if Plaintiff had exhausted administrative remedies as to his claim for damages allegedly arising from his work injuries and allegedly caused by federal employees or officials, he still could not state a viable FTCA claim against the United States of America in its status as property owner at FCI-Edgefield for any alleged failure to "enforce the Walsky [sic][6]-Healy Act (WHA) and Fair Labor Standard Act (FLSA)," the only evident allegations against the United States of America. It has been clearly held that no valid FTCA cause of action is stated by an employee of a government contractor (such as Plaintiff here) seeking to compel the United States of America as a property owner/contractual party to assert claims against the plaintiff's employer, a government contractor, for violations of the Walsh-Healy Act. See Shuman v. U.S., 765 F.2d 283, 290 (1st Cir. 1985)(action was barred under discretionary function exception to governmental liability under FTCA). The same analysis should apply to any attempt to force the United States to enforce the FSLA against one of its contractors because the same "discretionary function" exception to the FTCA would be involved. See generally U.S. v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 820-21 (1984);*cf.* Miller v. Lummus Co., 215 S.W.2d 227 (Tex.Ct.Civ.App. 1948) (no FSLA claim in absence of showing contracts were for products in interstate commerce).

## Recommendation

Accordingly, it is recommended that this Court not issue service of process for the United States of America, property owner, through its representative Alberto Gonzales.

---

[6] The correct name for the subject act is the Walsh-Healy Act. See 41 U.S.C.A. §§ 35-45.

It is further recommended that this Court dismiss this case against Defendant United States of America. All pending nondispositive motions are held in abeyance pending the district judge's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

The parties' attention is directed to the important notice on the following page.

                                                   s/William M. Catoe
                                                   United States Magistrate Judge

November 15, 2005
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**